Our last case for oral argument this morning is Appeal No. 25-1411, United States v. Cornelius. Good morning, Mr. Stevens. Good morning, Your Honors. May it please the Court. I want to start with one of the things that I think is a sub-issue in this case, and that is whether the District Court's determination concerning self-defense was procedurally unreasonable. The law is pretty clear that once a defendant raises an issue of self-defense, the burden shifts to the prosecution. That's as a matter of Indiana law? No. That's a matter of Indiana law? No. I cite that proposition on page 22 of the opening brief. The District Court looked at, first of all, the record is clear that the attacking vehicle came around the block past Mr. Cornelius' home, or the place where Mr. Cornelius and his family lived. Then came around again, and one of the occupants of the car started shooting. Mr. Cornelius retrieved the gun from one of the other family members and started to shoot. The gun jammed initially, but then he pulled the slide back and was able to fire the gun. The assailant either got back into the car or started to drive away, and it was unclear whether they were going to come around the block again or whether... How do you get around the fact on your self-defense argument that your client admitted that as they drove away and the threat was no longer there, he kept shooting at them? Because the threat was there. He had a reasonable belief that they could shoot out of the car at him. But they weren't shooting out of the car. They were driving away, and he kept shooting, even though they were driving away. They had the capacity to shoot back at him. If the threat to you subsides, but you continue shooting, that's no longer self-defense. But the question is whether he continued to have a reasonable fear of death or great bodily harm. And it is not clear that the attack was over simply because they were driving away. They had the capacity to shoot back at him. And that's an argument that you made to the court. But how was the court's factual determination clearly erroneous when it found, based on that, that there was no longer a reasonable fear because they were driving away and not shooting while they were driving away? Because the prosecution had the burden of establishing that the fear had dissipated. And the simple fact that the attackers were going in a different direction didn't diminish that fear. And the burden at that point was upon the prosecution to demonstrate that his fear had become unreasonable. And we submit that procedurally, the fact that the car was moving away did not meet that burden. I'm having trouble understanding how that's a procedural error. First of all, the record is clear that the defense established the elements of self-defense. So the question is, did the state negate one of the elements of self-defense? And the standard is that they have to overcome one of the elements on a reasonable doubt standard. Is it your view that the district court was obliged to impose, to apply to its own findings, the same standards that, when deciding a federal sentence, that a state court would in looking at an affirmative defense to a state prosecution for criminal recklessness? I'm not sure whether it is probably a preponderance standard rather than a reasonable doubt standard. Just given that appears to be the standard that is usually imposed on a sentencing judge in making findings. But here, even applying that standard, the process that was engaged in by the district court was not expressly saying that the state court was obliged to impose the same standards. The withdrawal of the vehicle established by a preponderance of the evidence that Mr. Cornelius no longer entertained a fear of death or great bodily harm. Do you want to save your two minutes for rebuttal? Do you want to save it? Yes, all right. Yes, all right. Mr. Whalen. Good morning. Good morning, Your Honors. May it please the court, Nathaniel Whalen here on behalf of the United States of America. This court should defer Mr. Cornelius' sentence. Starting with the, I guess, self-defense claim, the district court didn't clearly err in finding Mr. Cornelius was no longer under a reasonable fear of death or great bodily harm at the time the other car was driving away. Judge St. Eve, as you noted, the district court found as a factual matter based on Mr. Cornelius' trial testimony that as the car is pulling away, he keeps shooting at the car. He blasts out the back windshield. The court, who sat through this testimony, found that at that point Mr. Cornelius was not operating under a reasonable fear of bodily injury or harm at that point. And that's consistent with Indiana case law. The Wilson case is what the court relies upon, where it finds actually a very similar scenario. Defendants has a fear initially. People get into a car, drive away, defendant shoots at them as they're driving away. And the court found even if you initially have some aspect of self-defense at that point, you no longer have when this car is fleeing away at that point. And the district court here did actually find on page 8 and 11 of its sentencing order, which is docket 159, it was willing to accept that Mr. Cornelius was initially acting under self-defense when they start this drive-by. And according to his testimony, he's standing there. He's subject to drive-by. What the court said then, though, is once the assailants get back in the car and drive away, consistent with Indiana precedent, consistent with Indiana case law, you're no longer operating under a reasonable fear of bodily injury at that point. That is a factual finding that's subject to clear error. And so even if there are two interpretations of the record, even if there might be some evidence that Mr. Cornelius was not acting under a reasonable fear at that point, it was not clearly erroneous to find based on his testimony to the contrary. On the other point, I'm not sure there's a whole lot to say. None of the four-level enhancement did not increase the defendant's statutory minimum or maximum. Under this court's case law, that does not need to be submitted to a jury for proof beyond a reasonable doubt. Nothing about Erlinger changes that. Unless this court has any questions on any of the issues, we would ask you to affirm Mr. Cornelius' sentence. Thank you, Mr. Whalen. Thank you. Mr. Stephens. I think that the Erlinger case opens the door to requiring a jury finding whenever a violation of the statute is found. A violation of a statute makes the sentence harsher. Including through guidelines. Pardon? You're saying that's your position even if the adjustment comes under advisory guidelines. Yes. Under the advisory guidelines, when the findings are limited by a statute that outlines elements of a crime or conviction. I am not saying that you're entitled to a jury trial on every guideline issue. What I'm saying is when the guidelines bring another statute to bear on the harshness of the penalty, that you have a Sixth Amendment right that attaches to the determination of whether that incorporated statute has been violated. Thank you, Mr. Stephens. And you were appointed to represent your client in this case. Yes, I was. Thank you on behalf of the court for taking the appointment. Thank you, Mr. Whalen. The court will take the case under advisement. And that concludes our oral arguments for this morning.